Filed 6/22/15  P. v. Jaquez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B258190 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA066339) |
| v. | |
| ANDY JACQUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas Rubinson, Judge.  Affirmed as corrected with directions.

Katherine Eileen Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This appeal comes before us a second time.  Following a jury trial, Andy Jacquez was convicted on two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1),**1** counts 2 and 5); battery with serious bodily injury (§ 243, subd. (d), count 3), false imprisonment by violence (§ 236, count 4), torture (§ 206, count 6), and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1), count 8).  The jury found Jacquez not guilty of aggravated mayhem (count 7), but convicted him of the lesser included offense of mayhem (§ 203).**2**

In a bifurcated proceeding, Jacquez waived his rights to a trial and admitted he had suffered a prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds.(b)-(i), 1170.12, subds. (a)–(d)).

The court sentenced Jacquez to an aggregate state prison term of 16 years to life: On count 6 for torture, the court imposed an indeterminate sentence of seven years to life, doubled under the three strikes law for a term of 14 years to life.  On the determinate counts the court imposed a consecutive term of two years (one-third the three-year middle term doubled) on count 2 for assault with a deadly weapon, and concurrent terms of 16 months (one-third the two-year middle term doubled) on count 4 for false imprisonment by violence and 16 months (one-third the middle two-year term doubled) on count 8 for dissuading a witness from reporting a crime.  The court stayed the sentences on count 3 for battery with serious bodily injury, count 5 for assault with a deadly weapon and count 7 for mayhem pursuant to section 654.

Jacquez appealed, raising sentencing issues and a clerical error in the abstract of judgment.  After requesting supplemental briefing on additional sentencing errors, we affirmed Jacquez's conviction, but vacated the sentence and remanded for a new sentencing hearing.  (*People v. Avila* (Apr. 22, 2014, B239400) [nonpub. opn.].)

---

**1**     Statutory references are to this code.

**2**     Codefendant David Avila was tried with Jacquez before separate juries and was convicted.  He is not a party to this appeal.

2

On remand, following argument from counsel, the trial court resentenced Jacquez to an aggregate state prison term of 20 years to life. On count 6 for torture, the court imposed an indeterminate sentence of seven years to life, doubled under the three strikes law for a term of 14 years to life. On the determinate counts, the court imposed a consecutive term of six years (the three-year middle term doubled under the three strikes law) on count 2 for assault with a deadly weapon and concurrent terms of four years each (the two-year middle term doubled) on count 4 for false imprisonment by violence and on count 8 for dissuading a witness from reporting a crime consistent with our prior ruling, the trial court stayed the sentence on count 4.

We appointed counsel to represent Jacquez on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On March 3, 2015, we advised Jacquez he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

We have examined the record and are satisfied Jacquez's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.) Although the trial court did not restate on the record its prior pronouncement that the sentences on count 3 for battery with serious bodily injury, count 5 for assault with a deadly weapon and count 7 for mayhem are stayed pursuant to 654, which were not in error, the abstract of judgment properly reflects that the sentences on counts 3, 5 and 7 were imposed and stayed.

3

## DISPOSITION

The judgment is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


IWASAKI, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.